IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 24-1663 |
| | ) | |
| DEDRICK DESHON JORDAN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

## **UNITED STATES OF AMERICA'S MOTION TO DISMISS APPEAL**

Pursuant to Federal Rule of Appellate Procedure 27, the United States of America, by and through undersigned counsel, moves the Court to: (1) dismiss the appeal filed by Appellant Dedrick Jordan because he is a post-sentencing fugitive and because he affirmatively and unequivocally waived his right to appeal his sentence as part of the parties' plea agreement; and (2) hold the briefing schedule in abeyance until the Court rules on this motion.

## **PROCEDURAL HISTORY**

On January 6, 2021, Dedrick Jordan was indicted for conspiring to distribute and possess with the intent to distribute actual methamphetamine. R. Doc. 1. He was also charged with conspiracy to commit money laundering; however, that count was dismissed at the time of sentencing. R. Doc. 976; Sent. TR., pg. 15. On August 21, 2023, Jordan entered a plea of guilty to the lesser-included offense of conspiracy to distribute actual methamphetamine. His plea was pursuant to a written guilty plea

Appellate Case: 24-1663    Page: 1    Date Filed: 06/04/2024 Entry ID: 5400399

agreement ("GPA") R. Doc. 863. In the GPA and while under oath, at the time of his plea, Jordan stipulated and agreed that for sentencing purposes, he was responsible for conspiring to distribute between 1.5 and 4.5 kilograms of actual methamphetamine. *Id.* at 5; Change of Plea ("COP") TR, pp. 12-13.

Following his plea of guilty, a presentence investigation report ("PSR") was prepared by the federal probation office. R. Doc. 964. The PSR calculated a total offense level of 33 and found that Jordan was a career offender, pursuant to United States Sentencing Guidelines ("U.S.S.G") Section 4B1.1. *Id.* at 13. His criminal history category was therefore VI, pursuant to U.S.S.G. Section 4B1.1(b). *Id.* at 17. The advisory guidelines range was 235 to 293 months imprisonment. *Id.* at 22. Jordan did not object to the findings of the PSR. Sent. TR, pg. 3.

On March 26, 2024, Jordan appeared for sentencing. The district court adopted the conclusions of the PSR as its findings of fact, without objection from either party. Sent. TR, pg. 3. Jordan was thereafter sentenced to serve a term of imprisonment of 235 months. R. Doc. 976. He did not object to the sentence imposed nor the manner in which it was imposed. Sent. TR, pp. 14-15.

## I. Guilty Plea Agreement

On August 21, 2023, Jordan pled guilty to the lesser-included offense in count one of the indictment, pursuant to a GPA. Either party could request a sentence above or below the Guidelines range ultimately determined by the district court.  R.

2

Appellate Case: 24-1663    Page: 2    Date Filed: 06/04/2024 Entry ID: 5400399

Doc. 863 ¶ 2. As to the Guidelines calculations, the parties agreed that the base offense level was 36 pursuant to U.S.S.G §2D1.1(c)(1), because Jordan agreed that he was responsible for distributing between 1.5 and 4.5 kilograms of actual methamphetamine. *Id.* ¶6 (a)(1). The parties agreed that no specific offense characteristics applied. *Id.* ¶6 (a)(2). The parties also agreed that three levels should be deducted pursuant to U.S.S.G. § 3E.1.1(a) and (b) for Jordan's acceptance of responsibility. *Id*. ¶ 6(b)(3). The parties estimated that the total offense level was 33. *Id*. ¶ 6(c).

Both parties agreed to waive their right to appeal the ultimate sentence imposed if the district court accepted the GPA and sentenced Jordan within the Guidelines range. *Id.* at ¶ 7. Specifically, the parties agreed as follows:

**7. <u>WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:</u>**

> **a. <u>Appeal:</u>** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

> **(1) <u>Non-Sentencing Issues:</u>** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which the defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

> **(2) <u>Sentencing Issues:</u>** In the event the Court accepts the plea, accepts the U.S. Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the

Appellate Case: 24-1663   Page: 3   Date Filed: 06/04/2024 Entry ID: 5400399

defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

*Id.*

During the change of plea hearing on August 21, 2023, U.S. District Judge Ronnie White ensured that Jordon understood the Guilty Plea Agreement. COP TR, pp. 7-9. Jordan indicated that he reviewed the Agreement in its entirety, that he discussed it with defense counsel, and that he understood all of its terms. *Id.* Judge White then confirmed that Jordan understood the Guidelines range and the statutory penalties. *Id.* at 13-14.

Judge White also reviewed with Jordan the appellate waiver in paragraph seven of the GPA with Jordan, to ensure that he understood the waiver. *Id.* at 15-16. Judge White accepted Jordan's plea of guilty and found that he had voluntarily and knowingly entered the plea of guilty, entered into the GPA and waived his constitutional rights to a trial. *Id.* at 19.

## II. Presentence Investigation Report

Following the change of plea, the United States Probation Office issued its Final Presentence Investigation Report ("PSR"). R. Doc. 964. The PSR's Guidelines computation was consistent with the recommendations set forth in the GPA. The

4

PSR also reflected that Jordan's criminal history category was VI, because Jordan was a career offender. *Id*. at pp. 12-13, 17. The PSR concluded that, based on a total offense level of 33 and a criminal history category of VI, Jordan's Guideline range of imprisonment was 235 to 293 months. *Id*. Neither party lodged objections to the PSR.[1]

## III.    Sentencing and Judgment

On March 26, 2024, Jordan appeared for sentencing before Judge White. The district court summarized the Guidelines as they appeared in the PSR. *Id*. at 3. Neither party objected to the Guidelines calculations, and the court adopted the PSR in its entirety. *Id.* at 2-3. Following allocution, Judge White then sentenced Jordan to a 235-month term of imprisonment—the very bottom of the advisory Guidelines range. *Id.* at 12.

At Jordan's request, and with no objection from the Government, the district court allowed Jordan to remain on bond pending his voluntary surrender to the Bureau of Prisons. *Id*. at 15-16. The court advised Jordan that he would receive notification of his surrender date:

---

[1] Jordan claims (Br. at 10) that he argued to the district court that is two juvenile robbery convictions should not be used to make him a career offender. *See* R. Doc. 954. His sentencing memorandum was not a legal or factual 'objection' to the PSR, merely a statement in mitigation and a request that the court grant a variance, because the convictions happened so long ago. *Id* at 2.

Appellate Case: 24-1663    Page: 5    Date Filed: 06/04/2024 Entry ID: 5400399

THE COURT:     All right. Well, Mr. Jordan, you'll self-report when you are contacted by the U.S. Marshal and they'll tell you what BOP you need to go to.

DEFENDANT:     Yes, Sir.

*Id.*

After receiving a guidelines sentence, Jordan filed this timely appeal. R. Doc. 978.

## IV.     **Jordan's Flight from Justice**

On April 3, 2024, Jordan filed a motion to remain on bail pending his appeal. R. Doc. 983. On April 17, 2024, after the United States filed its opposition to Jordan's motion (R. Doc. 989), Jordan received his designation letter from the United States Marshals Service. R. Doc. 995. He was directed to surrender on May 7, 2024, by 1:00 p.m., to the custody of FCI Mendota, located in Mendota, California. *Id.*   Jordan's motion to remain on bail pending appeal was denied on April 18, 2024. R. Doc. 997.

On April 24, 2024, Jordan filed a motion for reconsider of the denial of his motion to remain on bail pending appeal. R. Doc. 999. In his motion to reconsider, Jordan acknowledged that he was to surrender to FCI Mendota by 1:00 p.m. on May 7, 2024. *Id.* at 2.  Jordan's motion for reconsidered was denied on May 6, 2024, in a

Appellate Case: 24-1663     Page: 6     Date Filed: 06/04/2024 Entry ID: 5400399

memorandum and order issued by Judge White. R. Doc. 1002. Jordan was ordered to surrender on May 7, by 1:00 p.m. to FCI Mendota, as previously designated. *Id.*

On December 7, 2024, the pretrial supervision officer in California informed the court that Jordan had made arrangements to surrender to the Marshals Service in the Central District of California, as Jordan could not arrange transportation to FCI Mendota. R. Doc. 1003-1. On May 7, 2024, Jordan failed to surrender to the Marshals Service and failed to surrender to FCI Mendota. It was determined that Jordan had removed his GPS monitoring device. Jordan's current whereabouts are unknown. *Id.* The district court authorized a warrant for Jordan's arrest. R. Doc. 1003-2.

On May 24, 2024, Jordan's attorney filed the Appellant's Brief. Jordan is not in custody and is currently a fugitive from justice.

## ARGUMENT

Jordan's appeal should be dismissed pursuant to the fugitive-disentitlement doctrine and because he knowingly and voluntarily waived his right to appeal his Guidelines sentence.

### I. Jordan's Fugitive Status Warrants Dismissal.

"[F]or well over a century," the "fugitive-disentitlement doctrine," also known as the "fugitive-dismissal rule," has allowed courts to "dismiss the appeal of a defendant who is a fugitive from justice." *United States v. Diaz*, 980 F.3d 618, 619

7

(8th Cir. 2020) (quoting *Ortega-Rodriguez v. United States*, 507 U.S. 234, 239 (1993)). Flight "disentitles the defendant to call upon the resources of the Court for determination of his claims." *Molinaro v. New Jersey*, 396 U.S. 365, 366, (1970). Indeed, in *United States v. Emery*, this Court *sua sponte* dismissed the defendant's appeal noting the issue of unenforceability given the defendant's fugitive status and that "[p]ressing ahead…would send the message that courts are willing to overlook clear acts of defiance." 18 F.4th 585, 586 (8th Cir. 2021); *see also Brinlee v. United States*, 483 F.2d 925 (8th Cir. 1973) (court dismissed appeal of fugitive citing fugitive disentitlement doctrine); *United States v. Vasquez-Gutierrez*, 335 F.3d 731, 732 (8th Cir. 2003) (holding appeal filed by defense counsel without knowledge or consent of defendant after defendant absconded during trial and remained a fugitive warranted dismissal).

Here, Jordan became a fugitive from justice following his refusal to surrender to FCI Mendota as ordered, and he remains a fugitive to this day. Moreover, the instant brief was filed after Jordan absconded. Therefore, pursuant to the fugitive disentitlement doctrine, the instant appeal should be dismissed.

## II. <u>Jordan's Knowing and Voluntary Appellate Waiver Independently Warrants Dismissal.</u>

"As a general rule, a defendant is allowed to waive appellate rights." *United States v. Maggio*, 862 F.3d 642, 644 (8th Cir. 2017) (quoting *United States v. Andis*,

Appellate Case: 24-1663   Page: 8   Date Filed: 06/04/2024 Entry ID: 5400399

333 F.3d 886, 889 (8th Cir. 2003) (en banc)). When this Court reviews a waiver of appellate rights, the Government bears the burden of establishing "(1) that the appeal is clearly and unambiguously within the scope of the waiver, (2) that the defendant entered into the waiver knowingly and voluntarily, and (3) that dismissing the appeal based on the defendant's waiver would not result in a miscarriage of justice." *United States v. McIntosh*, 492 F.3d 956, 959 (8th Cir. 2007) (quoting *United States v. Aronja–Inda*, 422 F.3d 734, 737 (8th Cir. 2005)).

### A. Jordan waived his right to appeal his sentence, and his appeal is clearly and unambiguously within the scope of that waiver.

In his brief, Jordan argues that his Eighth Amendment right against cruel and unusual punishment and his due process rights were violated, when the district court found Jordan to be a career offender, based upon his prior juvenile convictions for robbery. Second, he argues that the PSR miscalculated his criminal history by attributing two previously vacated convictions and but for this error, "it's possible the district court would have given him a lesser sentence." Br. at 3-5, 19. Both of Jordan's challenges to his Guidelines sentence are foreclosed by his waiver of appellate rights.

Jordan's argument is foreclosed by the plain language of the Guilty Plea Agreement. Jordan and the Government mutually waived the right to appeal all sentencing issues (other than criminal history, if it affected base offense level or

Appellate Case: 24-1663    Page: 9    Date Filed: 06/04/2024 Entry ID: 5400399

criminal history category) so long as the district court accepted the plea, calculated a Guidelines range, and sentenced Jordan within the range it determined. R. Doc. 863 ¶ 7(a)(2). That is exactly what happened here, with Judge White determining the Guidelines range of 235 months to 293 months and sentencing Jordan to the bottom of that range.

Jordan now attempts to collaterally attack prior state juvenile convictions on the basis of due process and Eighth Amendment violations. These prior convictions meant Jordan was found to be a career offender and therefore a criminal history category VI. He acknowledges that his claims are barred by Eighth Circuit precedent, Br. at 10-11, and the United States agrees. Jordan's other complaint relates to a mistake in criminal history points, because two of his prior, adult convictions resulted in points, but the convictions had been vacated on appeal. However, in spite of these convictions and not because of them, Jordan remained a category VI. The counting of these criminal history points did not affect his criminal history category nor his sentence.

In the instant case, because the record shows that Jordan clearly and unambiguously waived his right to appeal all sentencing issues (except for criminal history) as part of his guilty plea agreement with the Government, his instant appeal is foreclosed by this waiver so long as the record establishes that the waiver was

10

made knowingly and voluntarily and that dismissal of the appeal would not result in a miscarriage of justice.

### B. Jordan's waiver of appeal was made knowingly and voluntarily.

Jordan appeared with his attorney for his plea of guilty, expressed satisfaction with the services rendered by his attorney, and was found competent to have entered his plea of guilty, in a knowing and intelligent manner. COP TR 3-5, 7-9, 19. Jordan acknowledged under oath, that he understood he had waived his appellate rights if he received a within guidelines sentence. COP TR 15-16.

Based upon this record, it is clear that Jordan was fully informed that, by entering into the Guilty Plea Agreement and changing his plea to "guilty," he would waive any right to appeal his sentence (except on limited criminal history grounds) so long as the district court sentenced him within its determined Guidelines range, which it did. His waiver of appeal was made knowingly and voluntarily, as he was advised of the waiver both orally and in writing, and he also admitted to understanding and agreeing with the entire Agreement. *See United States v. Boroughf*, 649 F.3d 887, 890 (8th Cir. 2011). As such, the Government requests that this Court find that Jordan's waiver of appeal was both knowing and voluntary and, therefore, enforceable.

11

**C. Dismissal of the appeal would not result in a miscarriage of justice.**

To dismiss this appeal, the Court also must confirm that no miscarriage of justice would result. *See McIntosh*, 492 F.3d at 959 (citing *Aronja-Inda*, 422 F.3d at 737). "'The miscarriage of justice exception to a waiver permits a defendant to challenge a sentence on the grounds that' it is not authorized by the judgment of conviction or when it is greater or less than the permissible statutory penalty for the crime[.]" *United States v. Jenners*, 537 F. 3d 832, 834 (8th Cir. 2008) (quoting *Andis*, 333 F.3d at 892); *see also United States v. Williams*, 81 F.4th 835, 840 (8th Cir. 2023) (emphasizing that this exception "is a narrow one").

In the instant case, when Jordan pleaded guilty and entered into the GPA, he acknowledged that the maximum possible penalty for the crime to which he was pleading guilty was forty years. COP TR at 13; R. Doc. 863, ¶ 5. Jordan advised the court that his attorney had discussed and fully answered his questions about the GPA. COP TR at 8. Jordan was ultimately sentenced to a permissible statutory penalty, 235 months, which fell at the very bottom of the Guidelines range determined in the PSR and adopted by the district court. His status as a career offender did not result in an increase in the statutory maximum penalty. As such, Jordan cannot avail himself of the "miscarriage of justice" exception to the general rule of enforceability of knowing and voluntary waivers.

12

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court dismiss Jordan's appeal with prejudice. The Government also requests that the briefing schedule be held in abeyance until the Court rules on the instant motion.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Paul J. D'Agrosa*
PAUL J. D'AGROSA, #36966MO
Assistant United States Attorney
111 South Tenth Street, Room 20.333
Saint Louis, Missouri 63102
(314) 539-2200

13

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 27 and 32 and Eighth Circuit Local Rule 28A(h), I hereby certify that this filing complies with all applicable typeface and formatting requirements and that it contains 2,924 words, as determined by the word-count feature of Microsoft Word. I further certify that the filing has been scanned for viruses and is virus free.

*/s/ Paul J. D'Agrosa*
PAUL J. D'AGROSA, #36966MO
Assistant United States Attorney

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Appellate Procedure 25(d) and Eighth Circuit Local Rule 25A(e), I hereby certify that, on June 4, 2024, the foregoing motion was electronically filed with the Clerk of the Court for the U.S. Court of Appeals for the Eighth Circuit through the CM/ECF system, which will serve all counsel of record.

*/s/ Paul J. D'Agrosa*
PAUL J. D'AGROSA, #36966MO
Assistant United States Attorney

14

Appellate Case: 24-1663    Page: 14    Date Filed: 06/04/2024 Entry ID: 5400399