IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEDRICK DESHON JORDAN,

Defendant-Appellant

No. 24-1663

**DEDRICK DESHON JORDAN'S RESPONSE TO UNITED STATES OF AMERICA'S MOTION TO DISMISS APPEAL**

On June 4, 2024, appellee United States of America filed a motion to dismiss appeal, urging this Court to dismiss appellant Dedrick Jordan's appeal because 1) he is a post-sentencing fugitive, and 2) he affirmatively and unequivocally waived his right to appeal his sentence. The undersigned respectfully asks this Court to deny the government's motion. The fugitive-dismissal rule is discretionary, not mandatory; this Court should exercise its discretion to reach the merits of the appeal. Further, appellant did not waive the right to appeal the claims he now raises.

# ARGUMENT

## I. This Court Should Exercise Its Discretion To Reach The Merits Of The Appeal.

The fugitive-dismissal rule is discretionary, not mandatory. *See, e.g.*, *United States v. Emery*, 18 F.4th 585, 585 (8th Cir. 2021) ("we now exercise *our discretion* and dismiss the appeal under the fugitive-disentitlement doctrine") (emphasis added); *State v. Hentges*, 844 N.W.2d 500, 507 (Minn. 2014) (describing the rule as granting appellate courts the "discretionary authority to dismiss" an appeal); *State v. Jacobs*, 11 S.E. 962, 962 (N.C. 1890) (adopting the fugitive-dismissal rule, but noting that the application of the rule is discretionary); *United States v. Sharpe*, 470 U.S. 675, 681 n. 2 (1985) (describing the rule as an "equitable principle").

> There are four general rationales to the fugitive-dismissal rule:
>
> (1) the importance of an enforceable judgment; (2) the existence of waiver or abandonment based on flight; (3) the advancement of the efficient operation of courts by deterring escape; and (4) the avoidance of prejudice to the government.

*Hentges*, 844 N.W.2d at 505 (Stras, J.). These rationales do not appear to be a balancing test. Thus, this Court likely has the discretion to dismiss appellant's appeal because, as of the time of filing this response, Mr. Jordan has not turned himself in to the Bureau of Prisons. Nonetheless, appellant asks this Court to exercise its discretion to *not dismiss* the appeal because, overall, the rationales in favor of the rule do not strongly support dismissal.

2

Appellate Case: 24-1663     Page: 2     Date Filed: 06/14/2024 Entry ID: 5403838

First, any decision from this Court will be enforceable against appellant. He is not asking this Court to withdraw his plea. There was no trial, and thus no new trial request. Appellant's only request in this appeal is for resentencing. If the Court reaches the merits of appellant's claims, and denies him relief, he simply will serve the 235-month sentence already imposed. But if this Court grants him relief, at the time he is arrested or turns himself in, the district court can simply set another sentencing hearing. That sentence will then be enforceable against appellant. Reaching the merits of appellant's claims does not risk creating an unenforceable judgment.

Second, the efficient operation of courts is not advanced by dismissing the appeal. Rather, efficiency is served by reaching the merits of appellant's claims. His claims have already been briefed. The government can ably respond. This Court can then issue a decision in due course. There is no practical reason preventing this Court from reaching the merits of appellant's claims.

Third, the government will not be prejudiced by reaching the merits of appellant's claims. Indeed, the government does not claim prejudice. As already noted, this appeal does not involve a request to withdraw a plea or for a new trial. The government is not in danger of losing evidence or not being able to locate necessary witnesses. Instead, the appeal involves strictly legal issues. If this Court grants appellant's request for resentencing, the parties

3

Appellate Case: 24-1663     Page: 3     Date Filed: 06/14/2024 Entry ID: 5403838

will re-appear for sentencing, this time having appellant's correct criminal history score, including criminal history Category level.

That leaves abandonment as the only basis for dismissing the appeal. Arguably this Court could dismiss the appeal on the grounds of abandonment. But it need not. It is unclear why appellant failed to turn himself in. Prior to his turn in date, appellant was in daily contact with the undersigned, and was active in developing an appellate strategy. The undersigned has pursued that strategy in this appeal. Appellant gave no indication he wished to waive or abandon his appeal. Although his actions may now speak otherwise, again, it is unclear why appellant did not turn himself in. This Court should exercise its discretion and not dismiss the appeal.

If this Court is inclined to dismiss the appeal, it should first give appellant an opportunity to turn himself in. Before dismissing an appeal under the fugitive-dismissal rule, courts typically give the appellant an opportunity to surrender. *See, e.g.*, Emery, 18 F.4th at 585 (first giving appellant a "chance to surrender and respond to an order to show cause" before dismissing appeal); *United States v. Diaz*, 980 F.3d 618, 619 (8th Cir. 2020) (giving appellant 30 days to turn himself in); *Smith v. United States*, 94 U.S. 97, 98 (1876) (giving appellant until the first day of the next term to turn himself in).

4

If the Court grants the government's dismissal motion, the undersigned respectfully asks the Court to stay the order for 30 days to give appellant an opportunity to surrender.

## II. Appellant Did Not Waive His Right To Appeal The Issues He Now Raises.

The government next argues for dismissal on the ground that appellant waived his right to appeal the issues he now raises. As an initial matter, it is not true—contrary to the government's contention—that appellant "acknowledges that his claims are barred by Eighth Circuit precedent." Gov't Brief at 10. He did no such thing. He *did* acknowledge that "prior precedent from this Court likely forecloses any claim that use of a recidivist enhancement like the career-offender enhancement violates the Eighth Amendment[.]" Corrected Appellant's Brief at 10 (citing cases). In other words, the recidivist enhancement *alone* does not violate the Eighth Amendment under this Court's precedent.

But appellant was clear. His "chief claim is one that *neither this Court* nor the California Supreme Court has addressed: namely, whether the use of Jordan's two California robbery convictions to enhance his federal sentence violates due process and the Eighth Amendment given the

5

evolving standards of decency that Proposition 57 and Senate Bill 1391 establish." *Id.* at 11 (emphasis added). Appellant's claims are novel and not foreclosed by this Court's prior precedent.

Nor did appellant waive the two claims that he raises in this appeal: namely, that he is entitled to resentencing because the district court 1) deemed him a career offender in violation of his constitutional rights, and 2) sentenced him using an inaccurate PSIR. True, appellant waived "all rights to appeal all sentencing issues other than Criminal History." Corrected Add. 10; R. Doc 863. But notably, his two claims both involve his criminal history.

His due-process and cruel-and-unusual-punishment claims both involve the use of two prior juvenile convictions to make him a career offender. If, as appellant argues, these two convictions (or even one of the convictions) cannot be counted under the Constitution, then appellant's criminal history changes dramatically. He would no longer be a career offender, and his criminal-history category would be reduced. Accordingly, his constitutional claims fall squarely *outside* his waiver of appeal rights.

6

Appellate Case: 24-1663    Page: 6    Date Filed: 06/14/2024 Entry ID: 5403838

Likewise, his claim based on the inaccurate PSIR involves his criminal-history score. Specifically, he argues that the "PSIR miscalculated his prior criminal history" by awarding him "three criminal-history points for two California possession-of-a-firearm convictions from 2017." Corrected Brief at 19. The government appears to concede that the PSIR incorrectly included these vacated convictions as part of appellant's criminal-history score. Nonetheless, it argues that this Court should not address the claim because "in spite of these convictions and not because of them, Jordan remained a category VI" and thus the "counting of these criminal history points did not affect his criminal history category nor his sentence." Gov't Brief at 10.

If viewed in isolation, the government's position might have some merit. But it shouldn't be viewed in isolation. Instead, this Court should look at appellant's claims together. The district court concluded appellant was a Category VI offender *because of* his two California robbery convictions as a juvenile. If those convictions cannot be used to make him a career offender and enhance his sentence—as argued in appellant's first claim—then appellant would no longer be a Category VI. And if he's no longer a Category VI—based on being a career offender—then the

7

PSIR miscalculation of his criminal-history score could have impacted his overall category designation, because he wouldn't be a Category VI "in spite of these convictions." Gov't Brief at 10. When viewed together—as the claims should be—both claims impact appellant's overall criminal-history score and category designation. Accordingly, both claims are outside his appeal waiver. This Court should reject the government's motion to dismiss and reach the merits of appellant's claims.

## CONCLUSION

Dismissal of an appeal is a drastic remedy. It need not be employed here. This Court should exercise its discretion to reach the merits of appellant's claims.

Dated: June 14, 2024      Respectfully submitted,

**DEDRICK DESHON JORDAN**

By his attorney:

<u>/s/ Jeffrey Wald</u>
Jeffrey Wald (MN Bar # 0396344)
NELSON MULLINS RILEY & SCARBOROUGH LLP
380 Knollwood Street, Suite 530
Winston Salem, NC 27103
Telephone: (336) 774-3335
Facsimile: (336) 774-3299
jeffrey.wald@nelsonmullins.com

8

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 27 and 32 and Eighth Circuit Local Rule 28A(h), I hereby certify that the foregoing brief complies with all applicable typeface and formatting requirements and that it contains 1469 words, as determined by the word-count feature of Microsoft® Word for Microsoft 365 MSO.

/s/ Jeffrey Wald
Jeffrey Wald

## STATEMENT OF SCAN FOR VIRUSES

The undersigned counsel for Appellant certifies that the foregoing brief complies with the requirements of Eighth Circuit Rule 28A(h), in that it has been scanned for computer viruses, and is virus free.

/s/ Jeffrey Wald
Jeffrey Wald

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on June 14, 2024, the foregoing brief was electronically filed with the Clerk of the Court for the U.S. Court of Appeals for the Eighth Circuit using the Court's CM/ECF system, which will serve all counsel of record.

/s/ Jeffrey Wald
Jeffrey Wald

9